## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| GARG TUBE EXPORT LLP AND GARG TUBE LIMITED, | |
| Plaintiffs, | |
| v. | Court No. 21-00169 |
| UNITED STATES, | |
| Defendant. | |

## COMPLAINT

Plaintiffs Garg Tube Export LLP and Garg Tube Limited (collectively "Plaintiffs" or "Garg Tube") by and through undersigned counsel, hereby allege and state as follows:

### ADMINISTRATIVE DETERMINATION TO BE REVIEWED

1. Plaintiffs seek review of the U.S. Department of Commerce, International Trade Administration's (the "Department"), final results in the administrative review of the antidumping duty ("ADD") order on welded carbon steel standard pipes and tubes from India covering the period May 1, 2018 to April 30, 2019, published as *Welded Carbon Steel Standard Pipes and Tubes from India: Final Results of Antidumping Duty Administrative Review; 2018-2019*, 86 Fed. Reg. 14,872 (March 19, 2021) ("Final Results").

2. The challenged determinations, findings, and conclusions are set out primarily in the Department's "Issues and Decision Memorandum" (March 15, 2021) and "Final Analysis Memorandum" (March 15, 2021) accompanying the Final Results.

## JURISDICTION

3. This action is filed pursuant to 19 U.S.C. §§1516a(a)(2)(A)(i) and 1516a(a)(2)(B)(iii) to contest the Final Results issued by the Department. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING OF PLAINTIFFS

4. Plaintiffs are producers/ exporters of welded carbon steel standard pipes and tubes from India. Plaintiffs participated as mandatory respondents in the Department's proceeding that resulted in the challenged determination and are subject to the Final Results. Therefore, Plaintiffs are interested parties as described in 19 U.S.C. § 1677(9)(A) and have standing to bring this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF THE ACTION

5. Parties to actions challenging Department determinations pursuant to 19 U.S.C. § 1516a(a)(2)(B)(iii) regarding administrative reviews must file the summons within 30 days of the date of publication in the Federal Register of the notice of determination. 19 U.S.C. § 1516a(a)(2)(A)(i). The Department published the Final Results on March 19, 2021.

6. This action was commenced on April 16, 2021, within 30 days of the date of publication of the Final Results, by the filing of a Summons. This Complaint is timely filed within 30 days of the filing of Plaintiffs' Summons. Therefore, both the Summons and the Complaint have been timely filed in accordance with 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and pursuant to Rules 3(a)(2) and 6(a) of the Rules of this Court.

## BACKGROUND

7. The Department issued the ADD order on welded carbon steel standard pipes and tubes

from India on May 12, 1986. *Antidumping Duty Order; Certain Welded Carbon Steel Standard Pipes and Tubes from India*, 51 Fed. Reg. 17,384 (May 12, 1986).

8. On July 15, 2019, the Department initiated this review with respect to a number of companies including Garg Tube. *Initiation of Antidumping and Countervailing Duty Administrative Reviews,* 84 Fed. Reg. 33,739, 33,754 (July 15, 2019).

9. In this review, the Department examined Plaintiff's sales and costs, who responded to Department questionnaires and also submitted argument in support of their position.

10. Garg Tube sourced pipe and tube from a number of domestic producers of in-scope merchandise. On December 19, 2019, the Department requested that Garg Tube obtain the cost of production ("COP") information from three of its unaffiliated suppliers. In its Supplemental Section B-D Questionnaire response of January 23, 2020, Garg Tube explained in detail its extensive efforts to obtain the information from the said three unaffiliated suppliers. On May 5, 2020, the Department issued direct requests to all three suppliers asking them to provide the information concerning the merchandise they sold to Garg Tube. However, all three suppliers refused to provide their COP information despite Garg Tube's repeated requests, and also did not respond to the Department's direct requests for this information.

11. On December 2, 2019, the Petitioners submitted a cost-based particular market situation ("PMS") allegation. Specifically, they alleged that the price of hot rolled coil ("HRC"), the primary input for pipes and tubes, was distorted due to global overcapacity in steel production, government of India's ("GOI") subsidization of HRC, and GOI's imposition of antidumping and safeguard measures on imports of HRC. They also alleged that a cost based PMS existed with regard to mild steel ("MS") and galvanized pipes (produced from such HRC), which were purchased locally by Garg Tube, and for imported MS pipes, including imports from China.

They argued that because PMS induced distortions in the prices of HRC and MS and galvanized pipes affected the cost of production of Garg Tube's finished pipes and tubes, the reported prices of foreign like products in India could not be used as a basis for normal value, and warranted an alternative comparison methodology. To quantify the cost based PMS, Petitioners proposed an Ordinary Least Square ("OLS") Regression methodology, which purported to determine the extent of depression of HRC prices based on the extent of an alleged global steel overcapacity. Petitioners also made a cursory sales-based PMS allegation.

12. On December 20, 2019, the Department accepted these allegations and established a deadline for all interested parties to provide new factual information to rebut, clarify or correct the information contained in Petitioners' December 2nd PMS allegation. On January 13, 2020, Garg Tube timely filed comments and rebuttal factual information in response to the PMS allegations. Petitioners also filed comments on January 13, 2020.

13. In its preliminary results, published on July 24, 2020, the Department assigned Garg Tube a weighted average dumping margin of 8.42 percent. *Welded Carbon Steel Standard Pipes and Tubes from India: Preliminary Results of Antidumping Duty Administrative Review; 2018-2019*, 85 Fed. Reg. 44,860 (July 24, 2020) ("Preliminary Results"). This ADD margin reflected the Department's decision to rely on partial adverse facts available ("AFA") to determine costs incurred by the three unaffiliated suppliers who did not provide cost information. To derive surrogate COPs for the missing cost data, the Department relied on the production cost data from Garg Tube's product control number ("CONNUM") with the highest calculated COP.

14. In its *Preliminary Results*, the Department also applied a cost based PMS on HRC in the Indian market during the POR. However, because the Department concluded that there was insufficient information on the record to quantify a cost-based PMS adjustment with regard to

Garg's purchased HRC or HRC embedded in Garg's purchased MS and Galvanized tubes in building up Garg's COP, the Department requested additional information on this issue. Garg Tube and Petitioners responded to the Department's questionnaire on July 30, 2020.

15. In its case brief filed on December 7, 2020, Garg Tube argued that the Department should reverse its preliminary decision to apply partial AFA because Garg Tube could not be penalized for non-cooperation of its unaffiliated suppliers. Garg Tube provided suitable alternatives to determine COP for goods purchased from its uncooperative suppliers. Garg Tube also argued that the Department's decision to affirm a cost based PMS on HRC was unsupported by the substantial record evidence and not in accordance with law and further that the regression methodology submitted by Petitioners was improper for computing a PMS adjustment factor.

16. In the Final Results issued on March 15, 2020, the Department continued to find that a PMS existed in India during the POR concerning the cost of HRC. For computing a PMS adjustment, the Department adopted the regression methodology suggested by Petitioners, albeit, with some modifications resulting in a 15.66 percent PMS adjustment to HRC prices. Consequently, the Department increased by 15.66 percent Garg Tube's reported cost for HRC as a component of COP in its self-produced pipe and tube, as well as the embedded cost for HRC as a component of the reported COP in MS and galvanized pipe and tube that Garg Tube sourced from all three unaffiliated uncooperative suppliers. In its sales below cost analysis, the Department determined the COP by applying the same 15.66 percent PMS adjustment. The Department also made a PMS adjustment in determining the constructed value for CONNUMs where there were no home market sales.

17. In order to determine the COP of goods purchased from the three suppliers, the Department applied the same partial AFA methodology as it had in its preliminary decision

18.     As a result of the changes to the Preliminary Results, the Department in its Final Results assigned Garg Tube an ADD rate of 13.90 percent. Final Results, 86 Fed. Reg. at 14,873.

## STATEMENT OF CLAIMS

### COUNT ONE

19.     Paragraphs 1 to 18 are adopted, incorporated and re-alleged here by reference.

20.     The Department's affirmative cost based PMS findings for HRC in relation to Garg Tube's purchases of such HRC and MS or galvanized pipes (which were produced from such HRC) was not supported by substantial record evidence and was not in accordance with law and controlling judicial precedent.

### COUNT TWO

21.     Paragraphs 1 to 18 and 20 are adopted, incorporated and re-alleged here by reference.

22.     The Department's regression methodology to compute a PMS adjustment was arbitrary and was not supported by substantial record evidence and was not in accordance with law.

### COUNT THREE

23.     Paragraphs 1 to 18, 20, and 22 are adopted, incorporated and re-alleged here by reference.

24.     The Department's use of PMS to increase the cost of HRC while computing the cost of production of foreign like product in the context of its below cost analysis of home market sales of such product was contrary to law and controlling judicial precedent.

### COUNT FOUR

25.     Paragraphs 1 to 18, 20, 22 and 24 are adopted, incorporated and re-alleged here by reference.

26.     The Department's reliance on partial AFA for goods purchased by Garg Tube from three unaffiliated suppliers who did not submit cost date either to Garg Tube or directly to the

Department was not supported by substantial record evidence and was contrary to law and controlling judicial precedent.

27.     The Department's choice of the AFA mark up, based on Garg Tube's production cost data for the product control number with the highest calculated COP – including the 15.66 percent PMS adjustment – was not supported by substantial record evidence and was contrary to law and controlling judicial precedent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that this Court:

(a)     hold that the Department's Final Results are unsupported by substantial evidence and otherwise not in accordance with law;

(b)     remand the Final Results with instructions to issue a new determination consistent with this Court's decision; and

(c)     provide such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Ned H. Marshak*
Ned H. Marshak
Dharmendra N. Choudhary
Jordan C. Kahn

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP
599 Lexington Avenue, 36th Floor
New York, NY 10022
(212) 557-4400
\*\*
1201 New York Ave., NW, Ste. 650
Washington, DC 20005
(202) 783-6881

*Counsel to Plaintiffs Garg Tube Export LLP and Garg Tube Limited*

Dated: May 14, 2021

## CERTIFICATE OF SERVICE AND NOTICE TO INTERESTED PARTIES

### Garg Tube Export LLP, et al. v. United States
### CIT Court No. 21-00169

Pursuant to Rule 3(f) of the Rules of the Court of International Trade, I certify that on May 14, 2021, copies of the foregoing Complaint was served upon the following individuals and notified all the interested parties who were a party to the proceeding below, by certified mail, return receipt requested:

**UPON THE UNITED STATES**
Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
**U.S. Department of Justice**
26 Federal Plaza
New York, New York 10278

Director, Civil Division
Commercial Litigation Branch
**U.S. Department of Justice**
1100 L Street, NW
Washington, DC 20530

**UPON THE U.S. DEPARTMENT OF COMMERCE**
General Counsel
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Washington, DC 20230

Evangeline Keenan
Director, APO/Dockets Unit
**U.S. Department of Commerce**
14th Street & Constitution Avenue, NW
Room 18022
Washington, DC 20230

**On Behalf of Nucor Tubular Products Inc.**
Robert E DeFrancesco III, Esq.
**Wiley Rein LLP**
1776 K Street, NW
Washington, DC 20006

**On Behalf of Wheatland Tube**
Roger B. Schagrin, Esq.
**Schagrin Associates**
900 7th Street, NW
Suite 500
Washington, DC 20001

**On Behalf of Garg Tube Export LLP**
Matthew T. McGrath, Esq.
**Barnes Richardson & Colburn**
1850 M Street, NW
Suite 1060
Washington, DC 20036

                                                    */s/ Ned H. Marshak*
                                                    Ned H. Marshak