UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |
|---|---|
| GARG TUBE EXPORT LLP and GARG TUBE LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> NUCOR TUBULAR PRODUCTS INC., and WHEATLAND TUBE, <br><br> Defendant-Intervenors. | Court No. 21-00169 |

**PLAINTIFFS' PARTIAL CONSENT MOTION TO STAY**

Pursuant to Court of International Trade ("CIT") Rules 1 and 7, Plaintiffs Garg Tube Export LLP and Garg Tube Limited respectfully move the Court to stay their above-captioned appeal of the 2018-19 administrative review ("AR 18-19") of the antidumping duty ("ADD") order on *Welded Carbon Steel Standard Pipes and Tubes from India* ("*Welded Steel Pipes Order*") pending final resolution of the same issues that are pending before this Court in Plaintiffs' appeal of the 2017-18 administrative review ("AR 17-18") of the *Welded Steel Pipes Order*. *See Garg Tube Export LLP v. United States*, Court No. 20-00026 CRK ("*Court 20-26*"). Plaintiffs request this stay in order to advance these appeals – which each present the identical issues – in an efficient manner that conserves the resources of the parties and this Court. Moreover, Plaintiffs submit that such stay will not harm or prejudice the other parties.

1

## BACKGROUND

Plaintiffs in January 2020 initiated an appeal in this Court of the U.S. Department of Commerce's ("Commerce") final results of AR17-18 of the *Welded Steel Pipes* Order. *Court 20-26*, Complaint (Jan. 30, 2020), ECF No. 6. Plaintiffs pursued two claims:

1. Commerce unlawfully found a particular market situation ("PMS") and, based thereon, unlawfully implemented an adjustment methodology and increased the costs of Plaintiffs' hot-rolled coil ("HRC"). *Id*. at 6-7 §§ 19-24; and

2. Commerce unlawfully applied partial adverse facts available ("AFA") because Plaintiffs' unaffiliated vendor failed to submit costs of production data. *Id*. at 7 §§ 25-27.

Nucor Tubular Products, Inc. ("Nucor") and Wheatland Tube ("Wheatland") are participating as Defendant-Intervenors in the AR17-18 appeal. Orders (Mar. 2, 2020), *Court 20-26*, ECF Nos. 19-20. This Court conducted oral argument on Plaintiffs' appeal on April 29, 2021, *Court 20-26*, ECF No. 62, but has not yet issued a ruling.

Plaintiffs in April 2021 initiated the above-captioned appeal of Commerce's final results of AR18-19 of the *Welded Steel Pipes* Order. Summons (Apr. 16, 2021), ECF No. 1; Complaint (May 14, 2021), ECF No. 10. Plaintiffs in this AR18-19 appeal are pursuing the exact same claims as in its AR17-18 appeal pending before this Court:

1. Commerce unlawfully found a PMS and, based thereon, unlawfully implemented an adjustment methodology and increased the costs of Plaintiffs' HRC. Complaint at 6 §§ 19-24; and

2. Commerce unlawfully applied partial AFA because Plaintiffs' unaffiliated vendor failed to submit costs of production data. *Id*. at 6-7 §§ 25-27.

Nucor and Wheatland are again participating as Defendant-Intervenors in the AR18-19 appeal. Orders (June 14, 2021), ECF Nos. 22-23. Commerce filed its administrative record indices in this new appeal on June 23, 2021, ECF No. 24, and the parties are currently obligated

to file a Joint Status Report and Proposed Scheduling Order by July 23, 2021. USCIT Rule 56.2(a).

## ARGUMENT

The legal framework for granting a stay is well-established, and the Court has broad discretion to stay its own proceedings. *Georgetown Steel Co., LLC v. United States*, 259 F. Supp. 2d 1344 (CIT 2003). Indeed, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936). Moreover, "[i]n the exercise of a sound discretion [the court] may hold one lawsuit in abeyance to abide the outcome of another, especially where the parties and the issues are the same." *Am. Life Ins. Co. v. Reese*, 300 U.S. 203, 216 (1937). In doing so, the court will weigh competing interests and maintain a balance between the interests of the plaintiff, the defendant, non-parties or the public, and the court itself. *Georgetown Steel*, 259 F. Supp. 2d at 1346.

**A.   A STAY PENDING A DECISION IN *COURT 20-26* WOULD ADVANCE THIS ACTION IN AN EFFICIENT MANNER THAT CONSERVES THE RESOURCES OF THE COURT AND THE PARTIES**

This Court has recognized that a stay should be issued where it "will promote the interests of judicial economy and conserve the resources of the parties as well as the court." *Union Steel Mfg. Co. v. United States,* 896 F. Supp. 2d 1330, 1336 (CIT 2013); *see also SKF USA Inc. v. United States*, 2012 Ct. Intl. Trade LEXIS 75, *4-*5 (June 4, 2012); *NSK Corp. v. United States*, 2012 Ct. Intl. Trade LEXIS 76, *8 (June 4, 2012).

In *An Giang*, plaintiff importer sought a motion to stay because its primary argument in that case raised an issue of Commerce's authority under the antidumping statute, which was being considered in another case before the court. Rejecting arguments that the movant must make "a strong showing" of necessity to issue a stay, this court granted An Giang's motion based

on its finding that "[a]t the very least, [the stay] can be expected to clarify the issues here, and to streamline these proceedings. Moreover, the record is devoid of evidence that such a stay will work any real hardship on . . . any other party with a cognizable interest." *An Giang Agric. & Food Imp. Export Co. v. United States*, 350 F. Supp. 2d 1162, 1163-64 (CIT 2004). This Court explained also that a stay may also "be warranted even where the other litigation would only clarify or simplify the issues in the action sought to be stayed." *Id.* at 1169.

As in *An Giang*, the requested stay will streamline the proceedings and promote judicial efficiency. Plaintiffs' challenges to PMS and partial AFA in AR18-19 involve identical underlying legal issues, virtually identical Commerce rationale, and substantially similar record evidence as currently being reviewed by this Court AR17-18. *Compare Welded Carbon Steel Standard Pipes and Tubes from India: Final Results of Antidumping Duty Administrative Review; 2017-2018*, 85 Fed. Reg. 2,715 (Jan. 16, 2020), Issues and Decision Memorandum Comments 1-2, 7, *with Welded Carbon Steel Standard Pipes and Tubes from India: Final Results of Antidumping Duty Administrative Review; 2018-2019*, 86 Fed. Reg. 14,872 (Mar. 19, 2021), Issues and Decision Memorandum Comments 1-2.

The parties to this proceeding acknowledge that, while the legal issues underpinning Plaintiffs' challenges in these two appeals are similar, there are differences in the factual evidence on the underlying administrative records.  In this regard, the parties do not intend for a stay, if granted, to preclude or diminish the ability of any party to litigate similar issues or make similar legal arguments in the AR18-19 appeal based on the final disposition of these issues by the Court in the AR17-18 appeal.

If Plaintiffs' AR18-19 PMS and partial AFA challenges are stayed, the ultimate resolution of those issues in the AR17-18 appeal will provide a roadmap to streamline the

subsequent appeal on these same issues. For example, if remand(s) and/or further appeal(s) to the U.S. Court of Appeals for the Federal Circuit ("CAFC") are necessary to resolve the AR17-18 appeal, once those issues are finalized, there will be a clear path forward to resolve the AR18-19 appeal. This approach would greatly reduce the workload of both the parties and the Court and would significantly streamline these appeals. Such an opportunity to conserve resources is precisely why this Court has routinely exercised its power to stay proceedings in such instances where there is a clear showing of identical issues to be resolved in two or more pending appeals. *See, e.g., RHI Refractories Liaoning Co. v. United States*, 774 F. Supp. 2d 1280, 1285 (CIT 2011) (granting a motion to stay where the underlying legal issue was the same and it would "promote judicial economy and preserve the resources of the parties and the court.").

For these reasons, this Court should exercise its discretion to stay Plaintiffs' AR18-19 appeal pending resolution of Plaintiffs' 17-18 appeal.

### B. THERE IS NO EVIDENCE THAT THE OTHER PARTIES WILL FACE ANY HARDSHIP IF THE COURT GRANTS THE STAY

In making a decision on a motion to stay, this Court must "weigh competing interests and maintain an even balance" among the parties. *SKF USA Inc. v. United States*, 2012 Ct. Intl. Trade LEXIS 75, *5 (June 4, 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 257 (1936). However, "{t}he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward" with litigation only where "there is . . . a fair possibility that the stay . . . will work damage to someone else." *An Giang*, 350 F. Supp. 2d at 1164 (citing *Landis*, 299 U.S. at 255).

Here, neither Defendant United States nor Defendant-Intervenors face any inequity or hardship if the stays are granted. Commerce may continue to administer current reviews. Stay should not delay final resolution of the AR18-19 appeal, and in fact, may even expedite its

5

resolution. Furthermore, the requested stay will conserve the resources of all parties. Because the balance tips in favor of Plaintiffs' and this Court's interest in an efficient resolution of the legal issues implicated here – and because there has been no demonstration that such stays would cause prejudice or hardship to any party – we respectfully submit that the requested stay is warranted.

### C. THIS COURT HAS STAYED PROCEEDINGS IN ANALOGOUS CIRCUMSTANCES

This Court can and does stay subsequent proceedings when plaintiffs challenge the same issues in successive administrative reviews. For example, plaintiff Can-Tho Import-Export Joint Stock Co. ("CASEAMEX") challenged its separate rate denial in the tenth, eleventh, and twelfth administrative reviews of the ADD order on frozen fish fillets from the Socialist Republic of Vietnam. *An Giang Fisheries Imp. & Exp. Joint Stock Co. v. United States*, consol. Court No. 15-00044 CRK; *An Giang Fisheries Imp. & Exp. Joint Stock Co. v. United States*, consol. Court No. 16-00072 CRK; *Thuan An Prod. Trading & Serv. Co. v. United States*, consol. Court No. 17-00056. This Court in November 2017 – over Defendant's objections – stayed CASEAMEX's subsequent appeals pending resolution of the first separate rate challenge. Memorandum and Order (Nov. 17, 2017), *An Giang Fisheries Imp. & Exp. Joint Stock Co. v. United States*, consol. Court No. 16-00072 CRK, ECF 85; Memorandum and Order (Nov. 17, 2017), *Thuan An Prod. Trading & Serv. Co. v. United States*, consol. Court No. 17-00056.

In the instant case, the underlying legal issues which Garg is challenging in the AR 18-19 litigation are identical to the underlying legal issued challenged in the AR 17-18 litigation. While the administrative records in each annual review differ, the manner in which this Court – and possibly the CAFC on appeal – analyzes the record in AR 17-18 will have a direct impact on its analysis of the record in AR 18-19. Moreover, one or both issues may be decided based on a legal rationale which does not require a review of all facts and circumstances in the record. In

6

either event, this Court's decision with respect to AR 17-18 will have a direct impact on its decision in the AR 18-19 litigation.

## POSITION OF OTHER PARTIES

On July 6, 2021, counsel for Defendant United States stated that: "The United States declines to consent to the proposed motion to stay and intends to file a written response in accordance with the court's rules." On July 6, 2021, counsel for Defendant-Intervenor Nucor Tubular Products Inc. provided its consent to this motion. On July 6, 2021, counsel for Defendant-Intervenor Wheatland Tube provided its consent to this motion.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that this Court grant its Partial Consent Motion to Stay the above-captioned appeal of AR18-19 of the *Welded Steel Pipes* Order until 30 days after the final resolution of Plaintiffs' challenge to AR17-18 of the *Welded Steel Pipes* Order in *Court 20-26*. Once that pending appeal is completely resolved – including CAFC appeal(s) or expiration of the appeal period, as applicable – the parties in the instant appeal should be required to within 30 days to file with this Court a Joint Status Report and Proposed Scheduling Order.

Respectfully submitted,

*/s/ Ned H. Marshak*
Ned H. Marshak
Dharmendra N. Choudhary
Jordan C. Kahn

GRUNFELD, DESIDERIO, LEBOWITZ
SILVERMAN & KLESTADT LLP
599 Lexington Avenue, 36th Floor
New York, NY 10022
(212) 557-4400
\*\*
1201 New York Ave., NW, Ste. 650

Washington, DC 20005
(202) 783-6881

*Counsel to Plaintiffs Garg Tube Export LLP and Garg Tube Limited*

Dated: July 6, 2021