UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **GARG TUBE EXPORT LLP and GARG TUBE LIMITED,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNITED STATES,**<br><br>Defendant,<br><br>and<br><br>**NUCOR TUBULAR PRODUCTS INC. and WHEATLAND TUBE,**<br><br>Defendant-Intervenors. | Before: Claire R. Kelly, Judge<br><br>Court No. 21-00169 |

**MEMORANDUM AND ORDER**

Before the court are Plaintiffs Garg Tube Export LLP and Garg Tube Limited's (collectively, "Plaintiffs" or "Garg") partial consent motion for a stay of proceedings pending final resolution of similar issues presented and being adjudicated in Garg Tube Exp. LLP v. United States, Court No. 20-cv-00026 (USCIT filed Jan. 30, 2020) ("Ct. No. 20-00026"). See Pls.' Partial Consent Mot. Stay, July 6, 2021, ECF No. 26 ("Pls.' Mot.").[1] Garg asserts that a stay would advance this proceeding in an efficient manner and conserve resources, that neither Defendant nor Defendant-Intervenors would face any hardship or inequity if the

---

[1] Garg's motion states that, on July 6, 2021, Defendant-Intervenors Nucor Tubular Products Inc. and Wheatland Tube indicated their consent to a stay of proceedings. Pls.' Mot. at 7.

stay was granted, and that the Court has granted stays in similar circumstances. Id. at 3–7. Defendant opposes, arguing that Plaintiffs have failed to show that staying this case would be appropriate in light of the "fair possibility of prejudice" that the Government may sustain should the court grant the motion. See Def.'s Opp'n [Pls.' Mot.], July 27, 2021, ECF No. 29 ("Def.'s Br."). For the following reasons, the court grants Plaintiffs' motion.

## BACKGROUND

In April of 2021, Garg initiated this appeal from the final results of the U.S. Department of Commerce's ("Commerce") 2018–2019 administrative review of the antidumping duty ("ADD") order on welded carbon steel standard pipes and tubes from India. See Summons, Apr. 16, 2021, ECF No. 1; Compl., May 14, 2021, ECF No. 10; see also Welded Carbon Steel Standard Pipes and Tubes from India, 86 Fed. Reg. 14,872 (Dep't Commerce Mar. 19, 2021) (final results of [ADD] admin. review; 2018–2019) and accompanying Issues and Decision Memo., A-533-502, (Mar. 15, 2020), ECF No. 24-5 ("Final Decision Memo"). Garg challenges as unlawful Commerce's finding that a particular market situation ("PMS") in India affected the price of Garg's subject merchandise, Commerce's methodology for computing the resultant adjustment to Garg's reported costs of production, Commerce's decision to apply the PMS adjustment in the context of its below cost analysis of Garg's home market sales, and Commerce's application of partial facts available with an adverse

inference ("adverse facts available" or "AFA").[2] See Compl. ¶¶ 19–27. Garg has raised similar legal issues in the appeal of Commerce's 2017–2018 administrative review of welded carbon steel standard pipes and tubes from India. Compare Compl. ¶¶ 20–27 with Compl. ¶¶ 19–26, Jan. 30, 2020, ECF No. 6 (from Dkt. Ct. No. 20-00026).

On July 6, 2021, Garg filed its partial consent motion for a stay of these proceedings pending the outcome of its appeal in Ct. No. 20-00026. See generally Pls.' Mot. On July 9, 2021, the Court in Ct. No. 20-00026 remanded Commerce's final determination in the 2017–2018 administrative review for further explanation or reconsideration. Garg Tube Exp. LLP v. United States, 45 CIT __, Slip Op. 21-83 (July 9, 2021). On July 27, 2021, Defendant filed its opposition. See generally Def.'s Br.

## JURISDICTION AND STANDARD OF REVIEW

The asserted bases for jurisdiction are sections 516A(a)(2)(A)(i) and 516a(a)(2)(B)(iii) of the Tariff Act of 1930, as amended, 19 U.S.C. §§ 1516a(a)(2)(B)(iii) and 516a(a)(2)(B)(iii) (2018),[3] which, pursuant to 28 U.S.C. § 1581(c) (2018), grant the court authority to review actions contesting the final

---

[2] Parties and Commerce sometimes use the shorthand "adverse facts available" or "AFA" to refer to Commerce's reliance on facts otherwise available with an adverse inference to reach a final determination. However, AFA encompasses a two-part inquiry pursuant to which Commerce must first identify why it needs to rely on facts otherwise available, and second, explain how a party failed to cooperate to the best of its ability as to warrant the use of an adverse inference when "selecting among the facts otherwise available." See 19 U.S.C. § 1677e(a)–(b).

[3] Further citations to the Tariff Act of 1930, as amended, are to the relevant provisions of Title 19 of the U.S. Code, 2018 edition.

determination in an administrative review of an ADD order. The power to stay proceedings, however, "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). Although the decision to grant or deny a stay rests within the court's sound discretion, courts must weigh and maintain an even balance between competing interests when deciding whether a stay is appropriate. See Landis, 299 U.S. at 254–55; see also Cherokee Nation v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted).

## DISCUSSION

Plaintiffs acknowledge that the administrative record underlying this appeal differs from the record in Ct. No. 20-00026. See Pls.' Mot. at 4. However, given the similarities between legal issues raised in this case and Ct. No. 20-00026, Plaintiffs submit that a stay pending final and conclusive disposition of Ct. No. 20-00026 would promote judicial efficiency. See Pls.' Mot. at 2–5. Further, Plaintiffs submit that a stay would not harm the parties. See id. at 5–6. For its part, Defendant acknowledges the overlap between the legal issues raised in Ct. No. 20-00026 and this case, see Def.'s Br. at 4–5, but nonetheless stresses that the determination underlying this dispute involves a different set of facts. See id. at 4–5. Asserting there is a fair possibility of prejudice resulting from the risk that "the memories of agency personnel and other interested parties will fade" during the stay, Defendant submits that Plaintiffs have not shown that a stay is warranted. See id. at 5–6.

If there is "even a fair possibility that [a] stay" will do damage to the opposing party, the movant "must make out a clear case of hardship or inequity in being required to go forward[.]" See Landis, 299 U.S. at 255. The court may also consider whether the stay promotes judicial economy. See, e.g., Diamond Sawblades Mfrs.' Coal. v. United States, 34 CIT 404, 406–08 (2010). Speculative claims regarding the impact of a future decision on the disposition of the case at bar typically do not suffice to warrant a stay. See, e.g., Georgetown Steel Co. v. United States, 27 CIT 550, 552–56, 259 F. Supp. 2d 1344, 1346–49 (2003) (denying a motion to stay pending resolution of a U.S. Court of Appeals for the Federal Circuit case with speculative relevance to the case at bar).

Weighing the apparent lack of any harm or prejudice to the Government against the court's interest in promoting judicial economy, the court concludes that a stay is appropriate. Defendant does not show a fair possibility that a stay will do the Government damage or prejudice; phenomena such as fading institutional memory or employee turnover are too vague and incidental to ordinary realities of litigation before this Court to constitute the type of harm that requires Plaintiffs to make out a "clear case of hardship or inequity in being required to go forward[.]" Landis, 299 U.S. at 255. On the other hand, Defendant does not deny Plaintiffs' claim that their challenge here involves legal issues and an agency rationale that are virtually identical to those being reviewed by this Court in Ct. No. 20-00026.

See Pls.' Mot. at 4.[4] Without prejudice to the parties' prerogative to make similar legal arguments as those raised in Ct. No. 20-00026, the court concludes that allowing for final disposition of the legal issues in Ct. No. 20-00026 would streamline the proceedings here by clarifying the proper legal and analytical framework under which the facts of this case are to be examined.

## CONCLUSION

For the foregoing reasons, Plaintiffs' partial consent motion for a stay is granted. Accordingly, it is

**ORDERED** that Plaintiffs' motion is granted; and it is further

**ORDERED** that the above-captioned matter is stayed until 30 days after the final resolution of Garg Tube Exp. LLP v. United States, Court No. 20-cv-00026 (USCIT filed Jan. 30, 2020); and it is further

**ORDERED** that the parties in the above-captioned matter shall file a Joint Status Report and Proposed Briefing Schedule within 30 days of final resolution of Garg Tube Exp. LLP v. United States, Court No. 20-cv-00026 (USCIT filed Jan. 30, 2020), including any appeal to the U.S. Court of Appeals for the Federal Circuit or expiration of the period to pursue such an appeal, as applicable.

/s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated: August 5, 2021
New York, New York

---

[4] Indeed, Commerce references its reasoning in the 2017–2018 review in several instances. See, e.g., Final Decision Memo at 20–21, 38, 40 (Commerce referencing statements, explanations, and positions taken in "the previous administrative review" when discussing the PMS and partial AFA issue).