IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GARG TUBE EXPORT LLP and TUBE LIMITED, ) ) ) Plaintiffs, ) ) v. ) ) THE UNITED STATES, ) ) Defendant, ) ) and ) ) WHEATLAND TUBE and NUCOR TUBULAR ) PRODUCTS INC., ) ) Defendant-Intervenors. ) ) | Before: Claire R. Kelly, Judge<br><br>Case No. 21-00169 |

## **ORDER**

Upon consideration of defendant's consent motion for voluntary remand, it is hereby

ORDERED that defendant's motion is granted; and it is further

ORDERED that this case is remanded to the United States Department of Commerce for further administrative proceedings; and it is further

ORDERED that Commerce shall file its corrected remand redetermination with this Court no later than 45 days from the entry of this Order; and it is further

ORDERED that within seven days of the filing of the remand determination, the parties shall file a joint status report, including a briefing schedule for any further proceedings in this Court.

**SO ORDERED.**

_____
                                                                                              JUDGE

Dated:_____
          New York, New York

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE THE HONORABLE CLAIRE R. KELLY, JUDGE**

| | |
|---|---|
| GARG TUBE EXPORT LLP and GARG TUBE LIMITED, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 21-00169 |
| THE UNITED STATES, ) ) | |
| Defendant, ) ) | |
| and ) ) | |
| NUCOR TUBULAR PRODUCTS INC. and WHEATLAND TUBE, ) ) ) | |
| Defendant-Intervenors. ) ) | |

**DEFENDANT'S CONSENT MOTION FOR VOLUNTARY REMAND**

Pursuant to Rule 7(b) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court remand this matter to the United States Department of Commerce (Commerce). Commerce seeks this remand to reconsider its determination to apply a cost-based Particular Market Situation (PMS) adjustment when calculating the weighted-average dumping margin for Garg Tube Export LLP and its affiliate Garg Tube Limited (Garg Tube). We respectfully request that the Court remand this matter and direct Commerce to issue its remand determination within 45 days of the date of the Court's order. We further request that the Court direct the parties to file a joint status report, including a briefing schedule for any further proceedings in this Court, within 7 days of the remand determination.

On January 30, 2023, counsel for all parties were contacted via email concerning this motion. On February 2, 2023, counsel for plaintiffs, Jordan Kahn stated: Plaintiffs consent to the motion but note that, to the extent that Commerce's redetermination does not address all issues considered by Commerce in the March 15, 2021 final determination, the parties are only obligated to file comments with Commerce on the Draft Remand concerning those issues that are addressed by Commerce's redetermination.

On January 30, 3023 counsel for defendant-intervenor Wheatland Tube, Elizabeth Drake, and counsel for defendant-intervenor Nucor Tubular, Theodore Brackemyre, responded by email stating that their clients take no position on the motion.

## **RELEVANT FACTS**

This action involves a challenge to the final results of Commerce's twenty-seventh administrative review, covering the 2018-2019 review period, of the antidumping duty order covering welded carbon steel standard pipes and tubes (CWP) from India. *See Welded Carbon Steel Standard Pipes and Tubes from India,* 86 Fed. Reg. 14,872 (Dep't Commerce Mar. 19, 2021) (final results). In the *Final Results*, Commerce determined that a PMS existed in India concerning the cost of hot-rolled coil (HRC) based on evidence regarding the collective impact on the Indian market of global steel overcapacity, the Government of India's subsidization of HRC, and the Government of India's finding that HRC imports are unfairly traded. Accordingly, Commerce adjusted Garg Tube's reported cost of production to account for the PMS when it conducted the sales-below-cost test, which resulted in Commerce disregarding home market sales that were made at prices below the adjusted cost of production.

**DISCUSSION**

The Government seeks a voluntary remand in this case to address the claim made by Garg Tube in count three of its complaint. In count three, Garg Tube alleges that Commerce's "use of PMS to increase the cost of HRC while computing the cost of production of foreign like product in the context of its below cost analysis of home market sales of such product was contrary to law and controlling judicial precedent." *See* Compl. ¶ 24. After Garg Tube filed its complaint in this action, the Federal Circuit held that Congress "simply and unambiguously allowed for a PMS adjustment to constructed value but not to the costs of production for purposes of the sales-below-cost-test." *See Hyundai Steel Co. v. United States*, 19 F. 4th 1346, 1354 (Fed. Cir. 2021). Because Commerce applied a PMS adjustment to Garg Tube's costs of production for purposes of the sales-below-cost test in the challenged review, we request that the Court remand this matter to Commerce so that Commerce may recalculate Garg Tube's weighted-average dumping margin without making a cost-based PMS adjustment in light of *Hyundai Steel*. *See SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001) ("When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position.").

**CONCLUSION**

For these reasons, we respectfully request that the Court remand this matter to Commerce.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

3

|  |  |
|---|---|
|  | /s/ Franklin E. White, Jr._____<br>FRANKLIN E. WHITE, JR.<br>Assistant Director |
| OF COUNSEL:<br>SHELBY ANDERSON<br>Assistant Chief Counsel<br>Office of the Chief Counsel<br>  for Trade Enforcement and Compliance<br>U.S. Department of Commerce<br>Washington, D.C. | /s/ Robert R. Kiepura_____<br>ROBERT R. KIEPURA<br>Trial Attorney<br>Commercial Litigation Branch<br>U.S. Department of Justice<br>Civil Division<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Tel: (202) 305-4436<br>Fax: (202) 353-0461<br>Email: Robert.Kiepura@usdoj.gov |
| February 2, 2023 | *Attorneys for Defendant* |

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the word limitation in the Court of International Trade Standard Chambers Procedures and contains approximately 635 words. In preparing this certificate of compliance, I have relied upon the word count function of the word processing system used to prepare the motion.

/s/ Robert R. Kiepura