IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GARG TUBE EXPORT LLP and GARG TUBE LIMITED<br><br>    Plaintiffs,<br><br> v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br> and,<br><br>NUCOR TUBULAR PRODUCTS INC. and WHEATLAND TUBE,<br><br>    Defendant-Intervenors. | Before: Claire R. Kelly,<br>    Judge<br><br>Court No. 21-00169 |

**DEFENDANT-INTERVENOR'S COMMENTS ON THE**
**FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT REMAND**

                Alan H. Price, Esq.
                Robert E. DeFrancesco, III, Esq.
                Theodore P. Brackemyre, Esq.

                WILEY REIN LLP
                2050 M Street, NW
                Washington, DC 20036
                (202) 719-7000

                *Counsel to Nucor Tubular Products Inc.*

**Dated: August 7, 2024**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Garg Tube Exp. LLP v. United States*,
    527 F. Supp. 3d 1362 (Ct. Int'l Trade 2021) ............................................................2

*Garg Tube Exp. LLP v. United States*,
    569 F. Supp. 3d 1202 (Ct. Int'l Trade 2022) ............................................................2

*Mueller Comercial de Mex., S. de R.L. de C.V. v. United States*,
    753 F. 3d 1227 (Fed. Cir. 2014)............................................................................1, 2

**Statutes**

19 U.S.C. § 1677e(a)......................................................................................................1

**Administrative Materials**

*Welded Carbon Steel Standard Pipes and Tubes From India*, 86 Fed. Reg. 14,872
    (Dep't Commerce Mar. 19, 2021)...............................................................................1

Ct. No. 21-00169

On behalf of defendant-intervenor in this action, Nucor Tubular Products Inc. ("Defendant-Intervenor"), we hereby submit the following comments on the July 8, 2024 second remand determination issued by the U.S. Department of Commerce ("Commerce"). Final Results of Redetermination Pursuant to Ct. Remand (July 8, 2024), ECF No. 76 ("Remand Determination"). For the reasons set forth in Defendant-Intervenor's response brief before the Court and comments on Commerce's draft remand results, Defendant-Intervenor respectfully disagrees with the Court and Commerce that the application of partial adverse facts available ("AFA") is not warranted to account for the missing cost information from one of the pipe suppliers of the mandatory respondent Garg Tube Export LLP and Garg Tube Limited (collectively, "Garg"). *See* Nucor Tubular Resp. Br. to Pls. Mot. for J. on Agency R. and Comments on Remand Deter. (Nov. 20, 2023) ECF No. 60 at 11-24; Remand Determination at 15-19.

Commerce has erred by no longer applying partial AFA to account for the missing cost information on the record. Remand Determination at 10-18. The Court's opinion and remand order did not require Commerce to rely only on facts available without an adverse inference under 19 U.S.C. § 1677e(a). *See Garg Tube Export LLP and Garg Tube Ltd. v. United States*, Court No. 21-00169, Slip Op. 24-41 (Ct. Int'l Trade Apr. 8, 2024) at 10-14. Rather, the Court permitted Commerce to continue to apply partial AFA under 19 U.S.C. § 1677e(a) as long as that determination was further supported, consistent with the *Mueller* framework. *Id.* at 13.

As Defendant-Intervenor argued in its comments on Commerce's draft remand results, the underlying administrative record supports such as a finding. *See* Remand Determination at 15-19. First, this is no longer the first review in which Garg has failed to provide required cost data from its pipe suppliers, and the record shows that Garg has leverage over these companies but is unwilling to use it. *See* Issues and Decision Memorandum accompanying *Welded Carbon Steel*

1

Ct. No. 21-00169

*Standard Pipes and Tubes From India*, 86 Fed. Reg. 14,872 (Dep't Commerce Mar. 19, 2021) (final results of antidumping duty admin. rev.; 2018-2019) at 40-42 ("Final I&D Memo"). Second, the facts of this proceeding, when applied to the legal framework outlined in *Garg I, Garg II*, and *Mueller*, show that the application of partial AFA is warranted. *See Garg Tube Exp. LLP v. United States*, 527 F. Supp. 3d 1362, 1372-73 (Ct. Int'l Trade 2021) ("*Garg I*"); *Garg Tube Exp. LLP v. United States*, 569 F. Supp. 3d 1202, 1208-09 (Ct. Int'l Trade 2022) ("*Garg II*"); *Mueller Comercial de Mex., S. de R.L. de C.V. v. United States*, 753 F. 3d 1227, 1233-36 (Fed. Cir. 2014) ("*Mueller*"). And third, Commerce's application of AFA to Garg regarding the missing data from one of Garg's suppliers should not be viewed in isolation from the information missing from Garg's other suppliers. Final I&D Memo at 41-42. Taken together, these facts show that the record supports and requires a continued application of partial AFA.

Moreover, as shown above, a fundamental fact of this case has been that Commerce has now asked the same companies for the same cost information in multiple reviews across multiple years. *See id.* at 40-42. Indeed, in its Remand Determination, Commerce "find{s} it troubling that the underlying administrative review is the second administrative review wherein Commerce has individually examined Garg Tube and the second time when unaffiliated suppliers of subject merchandise to Garg Tube . . . , have refused to provide requested COP information." Remand Determination at 14. In effect, the fact that Commerce has repeated this request in multiple reviews weighs heavily against Garg's argument that it lacked sufficient leverage over its pipe suppliers or that these companies lacked the experience, capacity, or interest to cooperate with the agency's requests for information. *See* Final I&D Memo at 40-42.

Yet, under the standard articulated by the Court and followed by Commerce, the behavior of Garg and its pipe suppliers is facilitated, if not encouraged, both in the current and future

Ct. No. 21-00169

proceedings. Garg should not be able to tell their pipe suppliers that refusing to provide necessary cost data will affect their business relationship while also continuing to buy pipe from those same suppliers. Otherwise, it is just an empty threat, and it makes it impossible for Commerce to prove the degree of control that Garg does have, as they clearly have leverage but are unwilling to use it. In this regard, the record fully supports the use of partial AFA to account for the missing cost data.

Nevertheless, while Defendant-Intervenor disagrees with Commerce's determination that it could no longer justify the use of partial AFA in light of the Court's opinion, Defendant-Intervenor agrees with Commerce's statement in the Remand Determination that it is no longer relying on partial AFA under respectful protest. Remand Determination at 3. Defendant-Intervenor believes Commerce should continue to apply partial AFA to account for missing cost information under similar circumstances in future proceedings, and Defendant-Intervenor urges the Court to reconsider its position on the application of partial AFA in similar situations going forward. As noted above, this is an ongoing issue across proceedings, and it is critical that Commerce be able to fully apply AFA in circumstances like these in order to deter respondents from refusing to provide necessary cost data.

Respectfully submitted,

*/s/ Robert E. DeFrancesco, III*
Alan H. Price, Esq.
Robert E. DeFrancesco, III, Esq.
Theodore P. Brackemyre, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to Nucor Tubular Products Inc.*

Dated: August 7, 2024

3

CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(l), the undersigned certifies that these comments comply with the word limitation requirement. The word count for Defendant-Intervenor's Comments on the Final Results of Redetermination Pursuant to Court Remand, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2021), is 881 words.

  /s/ Robert E. DeFrancesco, III  
(Signature of Attorney)

 Robert E. DeFrancesco, III 
(Name of Attorney)

Nucor Tubular Products Inc.
(Representative Of)

 August 7, 2024 
(Date)