IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GARG TUBE EXPORT LLP and GARG TUBE LIMITED,<br><br>              Plaintiffs,<br><br>    v.<br><br>UNITED STATES,<br><br>              Defendant,<br><br>    and,<br><br>NUCOR TUBULAR PRODUCTS INC. and WHEATLAND TUBE,<br><br>              Defendant-Intervenors. | Before: Claire R. Kelly,<br>          Judge<br><br>Court No. 21-00169 |

**DEFENDANT-INTERVENOR'S COMMENTS IN SUPPORT OF THE
FINAL RESULTS OF REDETERMINATION PURSUANT TO COURT REMAND**

                                                                        Alan H. Price, Esq.
                                                                        Robert E. DeFrancesco, III, Esq.
                                                                        Theodore P. Brackemyre, Esq.

                                                                        WILEY REIN LLP
                                                                        2050 M Street, NW
                                                                        Washington, DC 20036
                                                                        (202) 719-7000

                                                                        *Counsel to Nucor Tubular Products Inc.*

**Dated: September 20, 2024**

Ct. No. 21-00169

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Garg Tube Export LLP and Garg Tube Ltd. v. United States*,
   Ct. No. 21-00169, slip op. 24-41 (Ct. Int'l Trade Apr. 8, 2024)..................................................1

i

Ct. No. 21-00169

On behalf of defendant-intervenor in this action, Nucor Tubular Products Inc. ("Defendant-Intervenor"), we hereby submit the following comments in support of aspects of the July 8, 2024 second remand determination issued by the U.S. Department of Commerce ("Commerce"). Final Results of Redeter. Pursuant to Ct. Rem. (July 8, 2024), ECF No. 76 ("Remand Determination"). In particular, consistent with the Court's April 8, 2024 opinion and remand order, Commerce has properly declined to make any adjustments to its differential pricing methodology. *See Garg Tube Export LLP and Garg Tube Ltd. v. United States*, Ct. No. 21-00169, slip op. 24-41 (Ct. Int'l Trade Apr. 8, 2024) at 14-21 ("Slip Op. 24-41"); Remand Determination at 20-21.

In its August 7, 2024 comments on Commerce's remand determination, Plaintiffs Garg Tube Export LLP and Garg Tube Limited (collectively, "Plaintiffs" or "Garg") argue once again that Commerce improperly applied the agency's differential pricing methodology in calculating Garg's antidumping duty rate in the Remand Determination. *See* Pls.' Cmts. on Commerce's Second Rem. Redeter. (Aug. 7, 2024), ECF No. 79 at 2-11. However, Plaintiffs' argument is a tired one that has been repeatedly rejected by Commerce and the Court. Indeed, as the Court has made clear on this issue, "Garg has failed to exhaust its administrative remedies, precluding judicial review of its challenge to Commerce's use of Cohen's *d* in its differential pricing methodology." Slip Op. 24-41 at 21.

On that basis, Commerce appropriately rejected Garg's arguments on this matter when reaching its Remand Determination. *See* Remand Determination at 20-21. Specifically, as Commerce noted, Garg's comments "are outside the specific scope of the *Remand Order*." *Id.* at 21. And as the agency explained, "{t}he Court did not direct Commerce to reconsider, further explain, or otherwise modify its differential pricing analysis, and Commerce has not done so." *Id.*

1

Ct. No. 21-00169

Commerce reached the right conclusion, especially as the agency had no basis to reconsider the issue or make any other determination.

In short, for the reasons above, Defendant-Intervenor supports Commerce's decision not to modify any aspects of its use of the agency's differential pricing methodology in its remand analysis. This decision is entirely consistent with the Court's previous opinion and remand order, and this aspect of Commerce's Remand Determination should be sustained.

    Respectfully submitted,

*/s/ Robert E. DeFrancesco, III*
Alan H. Price, Esq.
Robert E. DeFrancesco, III, Esq.
Theodore P. Brackemyre, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel to Nucor Tubular Products Inc.*

Dated: September 20, 2024

2

CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(l), the undersigned certifies that these comments comply with the word limitation requirement. The word count for Defendant-Intervenor's Comments on the Final Results of Redetermination Pursuant to Court Remand, as computed by Wiley Rein LLP's word processing system (Microsoft Word 2021), is 371 words.

 /s/ Robert E. DeFrancesco, III  
(Signature of Attorney)

 Robert E. DeFrancesco, III  
(Name of Attorney)

 Nucor Tubular Products Inc.  
(Representative Of)

 September 20, 2024  
(Date)