**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| GARG TUBE EXPORT LLP and GARG TUBE LIMITED, )<br><br>Plaintiffs, )<br><br>v. )<br><br>UNITED STATES, )<br><br>Defendant, )<br><br>and )<br><br>NUCOR TUBULAR PRODUCTS INC. and WHEATLAND TUBE, )<br><br>Defendant-Intervenors. ) | Court No. 21-00169 |

<u>**DEFENDANT'S RESPONSE TO COMMENTS ON REMAND REDETERMINATION**</u>

|  |  |
|---|---|
| | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| | PATRICIA M. McCARTHY<br>Director |
| | FRANKLIN E. WHITE, JR.<br>Assistant Director |
| OF COUNSEL:<br>JOSEPH GROSSMAN-TRAWICK<br>Attorney<br>Office of the Chief Counsel<br> for Trade Enforcement & Compliance<br>U.S. Department of Commerce | ROBERT R. KIEPURA<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>PO Box 480, Ben Franklin Station<br>Washington, DC 20044 |
| September 20, 2024 | Attorneys for Defendant |

## **TABLE OF CONTENTS**

**PAGE**

INTRODUCTION ................................................................................................... 1

BACKGROUND ................................................................................................... 1

ARGUMENT ......................................................................................................... 3

    I.     Standard Of Review ........................................................................... 3

    II.    The Court Should Sustain Commerce's *Second Remand Redetermination* ........... 4

        A.    Commerce's *Second Remand Redetermination* Complied With The Remand Order And Is Supported By Substantial Evidence And In Accordance With Law ............................................................................... 4

            1.    Commerce's Determination Not To Apply Partial AFA To Garg Tube Under 19 U.S.C. § 1677e(b) Is Supported By Substantial Evidence .................................................................... 5

            2.    Commerce's Determination Not To Apply Partial AFA Under 19 U.S.C. § 1677e(a) Is Supported By Substantial Evidence ........ 6

        B.    Garg Tube Failed To Exhaust Its Administrative Remedies Regarding Commerce's Differential Pricing Methodology ...................... 10

CONCLUSION ...................................................................................................... 15

**TABLE OF AUTHORITIES**

**CASES**                                                                                    **PAGE(S)**

*Arizona v. California*,
    460 U.S. 605, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983) ............................................................. 11

*Beijing Tianhai Industry Co., Ltd. v. United States*,
    234 F. Supp.3d 1322 ............................................................................................................... 11, 15

*Canadian Solar Int'l Ltd. v. United States*,
    415 F. Supp. 3d 1326 (Ct. Int'l Trade 2019) ............................................................................. 8

*CBOCS West, Inc. v. Humphries*,
    553 U.S. 442 (2008) ................................................................................................................... 14

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*,
    467 U.S. 837 (1984) ............................................................................................................. 13, 14

*Consol. Edison Co. v. NLRB*,
    305 U.S. 197 (1938) ..................................................................................................................... 4

*Consolo v. Fed. Mar. Comm'n*,
    383 U.S. 607 (1966) ..................................................................................................................... 4

*Deckers Corp. v. United States*,
    752 F.3d 949 (Fed. Cir. 2014) ................................................................................................... 15

*Dickerson v. United States*,
    530 U.S. 428 (2000) ................................................................................................................... 14

*Garg Tube Export LLP and Garg Tube Limited v. United States*,
    527 F. Supp. 3d 1362 (Ct. Int'l Trade 2021) ............................................................................. 2

*Garg Tube Export LLP and Garg Tube Limited v. United States*,
    698 F. Supp. 3d 1230 (Ct. Int'l Trade 2024) ............................................................................. 1

*Gerber Food (Yunnan) Co. v. United States*,
    601 F. Supp. 2d 1370 (Ct. Int'l Trade 2009) ..................................................................... 10, 12

*Halliburton Co. v. Erica P. John Fund, Inc.*,
    573 U.S. 258 (2014) ................................................................................................................... 14

*Hovey v. McDonald*,
    109 U.S. 150 (1883) ................................................................................................................... 14

*Hyundai Steel Co., Ltd. v. United States*,
  19 F.4th 1346 (Fed. Cir. 2021) ................................................................2

*I.N.S. v. Elias-Zacarias*,
  502 U.S. 478 (1992) ................................................................................4

*Loper Bright Enterprises v. Raimondo*,
  144 S. Ct. 2244 (June 28, 2024) ............................................... 12, 13, 14

*MacLean-Fogg Co. v. United States*,
  100 F. Supp. 3d 1349 (Ct. Int'l Trade 2015) .........................................3

*Mueller Comercial de Mexico, S. de R.L. De C.V. v. United States*,
  753 F.3d 1227 (Fed. Cir. 2014) .......................................................passim

*Novosteel SA v. United States*,
  284 F.3d 1261 (Fed. Cir. 2002) ..............................................................8

*Siemens Gamesa Renewable Energy v. United States*,
  621 F. Supp. 3d 1337 (Ct. Int'l Trade 2023) .......................................13

*Stupp Corp. v. United States*,
  5 F.4th 1341 (Fed. Cir. 2021) .................................................. 10, 13, 14

*Wedbush, Noble, Cooke, Inc. v. S.E.C.*,
  714 F.2d 923 (9th Cir. 1983) ................................................................14

*Zhaoqing Tifo New Fibre Co. v. United States*,
  256 F. Supp. 3d 1314 (Ct. Int'l Trade 2017) .......................................12

## STATUTES

19 U.S.C. § 1516a(b)(1)(B)(i) ....................................................................3

19 U.S.C. § 1677e(a).........................................................................passim

19 U.S.C. § 1677e(b).........................................................................passim

19 U.S.C. § 1677f-1(d)(1)(B) ...................................................................13

## ADMINISTRATIVE DETERMINATIONS

*Welded Carbon Steel Standard Pipes and Tubes from India: Final Results of Antidumping
Duty Administrative Review; 2018-2019*,
  86 Fed. Reg. 14,872 (Dep't of Commerce Mar. 19, 2021) ................................1, 2

## INTRODUCTION

The United States respectfully submits this response to the comments filed by plaintiffs Garg Tube Export LLP and Garg Tube Limited (collectively, Garg Tube), *see* Garg Tube Cmts., August 7, 2024, ECF No. 79, and by defendant-intervenor, Nucor Tubular Products Inc. (Nucor), *see* Nucor Cmts., August 7, 2024, ECF No. 80, concerning the Department of Commerce's (Commerce) second remand redetermination, *Final Results of Redetermination Pursuant to Court Remand*, July 8, 2024, ECF Nos. 76-77, P.R.R.[1] 5, C.R.R. 10 (*Second Remand Redetermination*), which was issued pursuant to this Court's opinion and remand order, *Garg Tube Export LLP and Garg Tube Limited v. United States*, 698 F. Supp. 3d 1230 (Ct. Int'l Trade 2024) (*Second Remand Order*). As explained below, the Court should sustain the *Second Remand Redetermination* and enter final judgment for the United States because Commerce has complied with the *Second Remand Order* and the *Second Remand Redetermination* is supported by substantial evidence and otherwise in accordance with law.

## BACKGROUND

On March 19, 2021, Commerce published the *Final Results*. *See Welded Carbon Steel Standard Pipes and Tubes from India: Final Results of Antidumping Duty Administrative Review; 2018-2019*, 86 Fed. Reg. 14,872 (Dep't of Commerce Mar. 19, 2021) (*Final Results*). In the *Final Results*, in calculating Garg Tube's weighted-average dumping margin, Commerce relied on partial facts available with an adverse inference (partial AFA) to calculate missing cost of production (COP) information for one of Garg's unaffiliated suppliers, and also made a cost-based particular market situation adjustment. *Id.*

In April 2021, Garg Tube challenged Commerce's *Final Results* in this Court, and, a few

---

[1] "P.R.R." refers to documents from the public record of the second redetermination, and "C.R.R." refers to documents from the confidential record of the second redetermination.

months later, the Court granted Garg Tube's motion for a stay of proceedings pending the

resolution of Garg Tube's separate case challenging Commerce's determination in an earlier

administrative review that involved similar issues.

In February 2023, the Court granted the Government's request for a voluntary remand to

recalculate Garg Tube's weighted-average dumping margin without making a cost-based

particular market situation adjustment in light of the decision of the U.S. Court of Appeals for

the Federal Circuit in *Hyundai Steel Co., Ltd. v. United States*, 19 F.4th 1346, 1352 (Fed. Cir.

2021). *Garg Tube Export LLP and Garg Tube Limited v. United States*, 527 F. Supp. 3d 1362

(Ct. Int'l Trade 2021) (*First Remand Order*). Commerce issued its *First Remand*

*Redetermination* on March 20, 2023. *See Final Results of Remand Pursuant to Court Remand*,

March 20, 2023, ECF No. 42 (*First Remand Redetermination*).

On April 8, 2024, this Court sustained, in part, and remanded, in part, Commerce's *Final*

*Results* and *First Remand Redetermination. Second Remand Order*. The Court sustained

Commerce's continued use of its differential pricing methodology in the *First Remand*

*Redetermination*, finding that Garg Tube failed to exhaust its administrative remedies because

Commerce used this methodology in the preliminary results in the underlying review and Garg

Tube failed to present its challenge to this issue in its administrative case brief. *See Second*

*Remand Order* at 17-18. The Court held, however, that Commerce's application of partial AFA

with respect to the missing COP information from one of Garg Tube's uncooperative,

unaffiliated suppliers, "Company A," in the *Final Results* was unreasonable. *Id*. at 7, 10. The

Court remanded this issue for further explanation or reconsideration, specifically ordering that

Commerce explicitly state which statutory provision it relies upon and support that determination

accordingly. *Id*. at 14.

On June 12, 2024, Commerce issued its Draft *Second Remand Redetermination*.  P.R.R. 1; C.R.R. 1.  On June 17 and 18, 2024, Garg Tube and Nucor commented on the Draft *Second Remand Redetermination* and, on August 8, 2024, Commerce issued its Final *Second Remand Redetermination*.  In its Final *Second Remand Redetermination*, Commerce relied upon partial "neutral" facts available, without an adverse inference, to fill the gap in the record caused by Company A's missing COP information.  *Second Remand Redetermination* at 2-3, 10-15. Commerce found that application of partial AFA was not warranted because the limited record did not support a finding that Garg Tube had leverage over Company A such that the *Mueller* framework under 19 U.S.C. § 1677e(a) might apply.  *See id.* at 11-12.  Commerce further found that application of partial AFA was not warranted based on direct application of an adverse inference to Garg Tube under 19 U.S.C. § 1677e(b) because, given the timing of Commerce's partial AFA determination in the preceding administrative review, Garg Tube may not have been on notice of the potential consequences continuing to source from uncooperative suppliers.  *Id.* at 16-17.  Further, Commerce declined to address Garg Tube's comments regarding Commerce's differential pricing methodology employed in the *Final Results*, finding that such comments were not within the scope of the *Second Remand Order* and were waived due to Garg Tube's failure to raise them prior to the *Final Results*.  *Id.* at 20-21.

## ARGUMENT

### I.    Standard Of Review

In remand proceedings, the Court will sustain Commerce's determinations if they are "in accordance with the remand order," and are "supported by substantial evidence, and are otherwise in accordance with law."  *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).  "Substantial evidence"

means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938).  Under this standard, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966) (citations omitted).  Instead, when, as here, Congress has entrusted an agency to administer a statute that demands inherently fact-intensive inquiries, Commerce's conclusions may be set aside only if the record contains evidence "so compelling that no reasonable factfinder" could reach the same conclusion.  *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

## II.  <u>The Court Should Sustain Commerce's *Second Remand Redetermination*</u>

The Court should sustain Commerce's *Second Remand Redetermination* because it is in compliance with the Court's *Second Remand Order* and is otherwise supported by substantial evidence in the record.  Commerce properly determined that substantial record evidence does not support a finding that Garg Tube failed cooperate to the best of its ability under 19 U.S.C. § 1677e(b) nor that applying partial AFA under 19 U.S.C. § 1677e(a) is warranted in light of the legal standard articulated by this Court in the *Second Remand Order*.  Commerce also properly determined that Garg Tube failed to exhaust its arguments regarding Commerce's differential pricing methodology because it did not raise the issue during the underlying administrative proceeding, and no exception to the exhaustion requirement applies.  Therefore, this Court should sustain Commerce's *Second Remand Redetermination.*

### A.  **Commerce's *Second Remand Redetermination* Complied With The Remand Order And Is Supported By Substantial Evidence And In Accordance With Law**

In the *Second Remand Order*, this Court found that it was not reasonably discernible whether "Commerce applied Section 1677e(b) against the unaffiliated supplier, against Garg, or

whether Commerce here acted pursuant to 19 U.S.C. § 1677e(a)" in applying a partial adverse inference to calculate the cost of production for Garg Tube's unaffiliated supplier. *Second Remand Order* at 11-12. The Court directed Commerce to explicitly state which statutory provision it relied upon in applying an adverse inference and further explain and support that determination. *Id.* at 14. Specifically, the Court stated that if Commerce relies on 19 U.S.C. § 1677e(a), it should address the factors invoked by the Federal Circuit in *Mueller Comercial de Mexico, S. de R.L. De C.V. v. United States*, 753 F.3d 1227, 1232 (Fed. Cir. 2014), and "explain the control exerted by Garg {Tube} over its supplier as well as how the use of an adverse inference in selecting facts under Section 1677e(a) promotes accuracy or thwarts duty evasion." *Id.* However, "{i}f Commerce relies on 19 U.S.C. § 1677e(b), it must explain why, based on this record, Garg {Tube} did not act to the best of its ability and do all that it could to cooperate." *Id.* As explained below, Commerce complied with the directives of the *Second Remand Order* and its determination is supported by substantial evidence.

On remand, Commerce "reevaluated the record in view of the {*Second Remand Order*} and determine{d} not to apply an adverse inference with respect to Garg Tube or the uncooperative supplier." *Second Remand Redetermination* at 10. Rather, Commerce applied partial facts available exclusively under 19 U.S.C. § 1677e(a) and determined Company A's COP "based on the reported acquisition costs for pipe and tube that Garg Tube sourced from this supplier." *Id.*

### 1. Commerce's Determination Not To Apply Partial AFA To Garg Tube Under 19 U.S.C. § 1677e(b) Is Supported By Substantial Evidence

Commerce determined that application of partial AFA to Garg Tube was not warranted under 19 U.S.C. § 1677e(b) because Garg Tube "cooperated to the best of its ability to comply with Commerce's requests for the COP information." *Second Remand Redetermination* at 10.

Specifically, Commerce found Garg Tube fully cooperative because it "made multiple attempts to obtain cost information from the supplier via email…waived business proprietary treatment for its unaffiliated suppliers to allow Commerce to issue questionnaires directly to the suppliers…{and}communicated to the supplier that its refusal to provide the requested cost data could affect their business relationship." *Id*. at 10-11.  In accordance with the *Second Remand Order*, Commerce also considered the timing of the final results of the preceding administrative review, which is the first review where Commerce put Garg Tube on notice of the consequences of sourcing from uncooperative suppliers.  As discussed further below, the timing of these reviews did not support a finding that Garg Tube was necessarily on notice of the consequences of continuing to source from Company A, which might have supported application of an adverse inference as to Garg Tube directly.  *See id.* at 16-17.

### 2. Commerce's Determination Not To Apply Partial AFA Under 19 U.S.C. § 1677e(a) Is Supported By Substantial Evidence

Commerce also determined that application of partial AFA was not warranted under 19 U.S.C. § 1677e(a) because the record did not demonstrate that the potential leverage exerted by Garg Tube supported an adverse inference in light of the standard articulated in the *Second Remand Order*.  *Id*. at 11-13.  The Court recognized that Commerce may sometimes apply an adverse inference to a cooperating respondent under 19 U.S.C. § 1677e(a) if doing so will "yield an accurate rate, promote cooperation, and thwart duty evasion."  *Second Remand Order* at 9 (citing *Mueller*, 753 F.3d at 1233).  Further, the Court held that, in doing so, Commerce may rely on inducement or evasion rationales where reasonable under the circumstances and where the "predominant interest in accuracy is properly taken into account."  *Id*. at 10.  Moreover, the Court noted that "*Mueller* specifically explains that an adverse inference based upon an inducement rationale where the respondent lacks control over the supplier is potentially unfair"

and therefore directed Commerce to "explain the control exerted by Garg {Tube} over its supplier as well as how the use of an adverse inference in selecting facts under {19 U.S.C. § 1677e(a)} promotes accuracy or thwarts duty evasion." *Id.* at 14 (citing *Mueller*, 753 F.3d at 1235).

In light of the above, Commerce examined the record and determined it was "unable to identify substantial record evidence that the potential leverage exerted by Garg Tube over {Company A} supports an adverse inference." *Second Remand Redetermination* at 12. Specifically, Commerce explained that "Garg Tube attempted on several occasions to secure {Company A}'s cooperation and produced emails requesting {Company A}'s response and threatening the future of the business relationship." *Id.* Further, Commerce concluded that record evidence demonstrates the portion of Garg Tube's U.S. sales that were supplied by Company A reveals a significant business relationship between Garg Tube and Company A. *Id.* at 13. However, there is no indication of Garg Tube's share of Company A's domestic revenue or whether Company A has a strategic partnership with Garg Tube. *Id.* As Commerce explained, "{b}ecause {Company A} refused to cooperate in the underlying administrative review, Commerce could not obtain complete information necessary to fully assess Garg Tube's ability to induce {Company A}'s cooperation (or {Company A}'s possible motives in declining to provide the requested COP information)." *Id.* Accordingly, Commerce was "limited in the conclusions that {it} {could} draw from the available record evidence precisely because of the supplier's non-cooperation." *Id.* Ultimately, the record did not support a finding "that Garg Tube was in a position in this review to induce the cooperation of {Company A}." *Id.*

Nucor argues that Commerce should have continued to apply partial AFA under 19 U.S.C. § 1677e(a) and that the *Second Remand Order* did not preclude Commerce from doing

so.[2]  Nucor Cmts. at 1.  Nucor first argues that "this is no longer the first review in which Garg has failed to provide required cost data from its pipe suppliers, and the record shows that Garg has leverage over these companies but is unwilling to use it."  *Id*.  However, as Commerce explained:

> While this is the second administrative review wherein Garg Tube sourced subject merchandise from unaffiliated suppliers, including {Company A}, that subsequently failed to provide the requested information in the preceding review, we note that this second administrative review was initiated well before the issuance of the final results of the immediately preceding administrative review.  Because the POR for the underlying review, May 1, 2018 - April 30, 2019, completely precedes the preliminary and final results of the . . . prior review issued in July 2019 and January 2020 respectively, we are unable to conclude that Garg Tube: (1) did not follow through on its threat to cease its business relationship with {Company A}: or (2) continued to engage in business with {Company A} after its refusal to provide COP information.

*Second Remand Redetermination* at 16-17.  Nucor fails to demonstrate how the timeline described above demonstrates the potential control exerted by Garg Tube over Company A or otherwise supports the application of partial AFA in light of the legal framework identified in the *Second Remand Order*.

Next, Nucor argues that "the facts of this proceeding, when applied to the legal framework . . . show that the application of partial AFA is warranted."  Nucor Cmts. at 1.  As previously discussed, "Commerce was unable to find under the standard articulated by the Court, set out in *Mueller* and *Canadian Solar*, that Garg Tube's unsuccessful attempts to induce cooperation from its suppliers demonstrated that Garg Tube possessed the necessary leverage over its supplier."  *Second Remand Redetermination* at 17 (citing *Canadian Solar Int'l Ltd. v. United States,* 415 F. Supp. 3d 1326, 1333 (Ct. Int'l Trade 2019) (*Canadian Solar*) and *Mueller*,

---

[2] Nucor does not explicitly contest Commerce's determination not to apply an adverse inference to Garg Tube under 19 U.S.C. § 1677e(b).  Therefore, any such argument has been waived.  *See, e.g.*, *Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002).

753 F.3d at 1332-36).  Specifically, Commerce found the record lacks evidence of Garg Tube's

ability to exert control over Company A such as "Garg Tube's share of {Company A}'s revenue

or other details of their relationship" which would demonstrate Garg Tube's potential leverage

over the supplier.  *Id*. at 16.  Nucor does not explain how the record evidence supports its

preferred finding nor how Commerce's determination is unsupported by substantial evidence.

Finally, regarding Nucor's third argument that "Commerce's application of AFA to Garg

regarding the missing data from one of Garg's suppliers should not be viewed in isolation from

the information missing from Garg's other suppliers," Nucor fails to explain how this

undermines Commerce's finding that the record lacks evidence of Garg Tube's ability to exert

control over the unaffiliated supplier.  Nucor Cmts. at 2.  As Commerce explained:

> Garg Tube's business relationships with Companies B and C, and their
> failures to cooperate with Commerce's requests for information, have no
> bearing on Garg Tube's ability to induce cooperation over {Company A},
> the supplier relevant to these final results of redetermination. Moreover,
> Nucor fails to explain how Garg Tube's business relationship with the
> other suppliers following the preceding administrative review
> demonstrates Garg Tube's ability to induce cooperation by {Company A}.
> Nucor also points to no record information demonstrating that because
> Garg Tube purchased inputs from other uncooperative suppliers, it must
> have known that {Company A} would be uncooperative to Commerce's
> requests for information when Garg Tube purchased inputs from
> {Company A}.  As discussed above, we find the record demonstrates that
> Garg Tube cooperated to the best of its ability in attempting to obtain the
> missing COP information, which Nucor does not contest.

*Second Remand Redetermination* at 18.

Thus, Commerce's determination comports with the *Second Remand Order* and is

supported by substantial evidence and in accordance with the law.  Accordingly, this Court

should sustain Commerce's *Second Remand Redetermination*.

**B.    Garg Tube Failed To Exhaust Its Administrative Remedies Regarding Commerce's Differential Pricing Methodology**

Garg Tube argues that Commerce erred by failing to establish that the sales data underlying the test and comparison groups satisfy certain preconditions necessary for proper application of the Cohen's *d* test. *See* Garg Tube Cmts. at 8-9. Garg Tube also argues that Commerce unreasonably deviated from the statistical literature by using a simple average rather than a weighted average in the denominator of its Cohen's *d* test. *See id.* at 9-11. But the Court should not consider these arguments because the Court has already held that Garg Tube failed to raise them during the underlying administrative proceeding, when it was required to do so, and the intervening judicial precedent exception to the exhaustion requirement does not apply.

In the *Second Remand Order*, this Court sustained Commerce's differential pricing methodology. *Second Remand Order* at 15. The Court held that Garg Tube's similar challenge following the *First Remand Redetermination* was barred by exhaustion because Commerce applied its differential pricing methodology in the preliminary results of the underlying review yet "at no point in {Garg Tube's} agency brief did it challenge Commerce's application of its differential pricing methodology." *Id.* at 18. As this Court reasoned, Garg Tube's challenge was untimely because it first challenged Commerce's differential pricing methodology in its comments on the Draft *First Remand Redetermination* rather than in its comments to the agency prior to the issuance of the *Final Results*. *Id.* This Court also held that none of the exceptions to the exhaustion requirement apply, including the intervening judicial decision exception. *Id*. at 19. This Court held that "{t}o apply, a judicial decision must interpret existing law that would 'materially alter the result' of the case." *Id.* (citing *Gerber Food (Yunnan) Co. v. United States*, 601 F. Supp. 2d 1370, 1380). This Court found it "unclear why Garg {Tube} believes *Stupp* 'would materially alter the result' of the case." *Id*. at 20 (citing *Stupp Corp. v. United States*, 5

F.4th 1341 (Fed. Cir. 2021)).

Despite this Court's holding, Garg Tube again attempted to challenge Commerce's differential pricing methodology in its comments on Commerce's draft second remand redetermination.  Garg Tube Comments on Draft Second Remand Redetermination (June 17, 2024) (P.R.R. 4).  Commerce rejected these arguments, explaining that "the differential pricing methodology remains unchanged from the *Preliminary Results* of the underlying administrative review" and that Garg Tube failed to raise these arguments in its administrative case brief.  *Id*. at 20.  Commerce further pointed to the *Second Remand Order* in which this Court explicitly found Garg Tube's claims on this issue barred by exhaustion and not subject to judicial review.  *Id*. (citing *Second Remand Order* at 14-21).  Accordingly, Garg Tube's attempt to challenge Commerce's differential pricing methodology violates the law of the case.

Under the doctrine of the law of the case, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *Beijing Tianhai Industry Co., Ltd. v. United States*, 234 F. Supp.3d 1322, 1330 (Ct. Int'l Trade 2017 (citing *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983)).  Here, the Court has already ruled that Garg Tube's claim on this issue is barred by exhaustion.  *Second Remand Order* at 14-21.  That order remains in effect and Garg Tube's attempts to renew those arguments now is similarly barred.  *Beijing Tianhai Industry*, 234 F. Supp. 3d at 1330.

Moreover, Commerce found Garg Tube's arguments to be outside the scope of the *Second Remand Order* in which this Court remanded the *Final Results* exclusively to address Commerce's application of partial AFA to Supplier A's missing COP information.  *Second Remand Order* at 14, 21.  "The Court did not direct Commerce to reconsider, further explain, or

otherwise modify its differential pricing analysis, and Commerce has not done so." *Second Remand Redetermination* at 21. "Rather, the Court sustained Commerce's differential pricing analysis in the *Final Results* which is unchanged in these final results of redetermination." *Id.*

Additionally, Garg Tube's challenge is not within the scope of the *Second Remand Order* because Garg Tube did not include it in its complaint. *See Zhaoqing Tifo New Fibre Co. v. United States*, 256 F. Supp. 3d 1314, 1330 n.18 (Ct. Int'l Trade 2017) ("[T]he court lacks jurisdiction to entertain a challenge that was not raised in the Complaint. A court cannot expand its own jurisdiction, whether by a remand or by any other means.").

Garg Tube now argues that its challenge is not barred by exhaustion because the Supreme Court's decision in *Loper* constitutes an intervening legal authority. Garg Tube Cmts. at 3-5 (citing *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (June 28, 2024) (*Loper*)). This argument is unpersuasive for multiple reasons.

As this Court stated in the *Second Remand Order*, "{t}o apply, a judicial decision must interpret existing law that would 'materially alter the result' of the case." *Second Remand Order* at 19 (citing *Gerber Food (Yunnan) Co. v. United States*, 601 F. Supp. 2d 1370 (Ct. Int'l Trade 2009) (*Gerber Food*)). Garg Tube claims that "*Loper* constitutes intervening legal authority with respect to *Cohen's d* insofar as the CAFC has sanctioned Commerce's reliance on an A-T methodology because of the courts' conclusion that Commerce's analysis was reasonable." Garg Tube Cmts. at 4. Garg Tube fails to demonstrate how *Loper*, which does not involve Commerce's differential pricing methodology, "would materially alter the result of the case." *Second Remand Order* at 19-20 (citations omitted). Indeed, it would not because Garg Tube does not assert that Commerce misinterpreted particular words in the statute when applying its differential pricing methodology, but rather that Commerce misapplied the Cohen's *d* test by

failing to account for certain conditions or formulas contemplated by the statistical literature.

Garg Tube's reliance on *Siemens* is also unavailing.  Garg Tube Cmts. at 3-4 (citing *Siemens Gamesa Renewable Energy v. United States*, 621 F. Supp. 3d 1337, 1348 (Ct. Int'l Trade 2023) (*Siemens*)).  There, the Court found Commerce's interpretation of the statute and corresponding selection of only one respondent for individual examination in the underlying review was "*directly contrary*" to the Federal Circuit's intervening decision in *YC Rubber* holding that generally Commerce must select more than one respondent for individual examination in certain circumstances.  *See Siemens*, 621 F. Supp. 3d at 1348 (emphasis added). Unlike in *Siemens*, here the differential pricing methodology employed in the *Final Results* is not "directly contrary" to *Loper* nor does *Loper* call into question the differential pricing methodology that Commerce employed in the underlying review.  *Id*.  Thus, Garg Tube's comparison is unavailing.

Moreover, nothing precluded Garg Tube from arguing prior to *Loper* that Commerce "as a matter of law, cannot apply the Cohen's *d* test" for purposes of the analysis under 19 U.S.C. § 1677f-1(d)(1)(B).  *See* Garg Tube Cmts. at 3.  *Loper* did not alter the substantive AD/CVD laws, but rather the standard of review that U.S. courts apply to certain legal issues.  *Loper*, 144 S. Ct. at 2273.  To the extent Garg Tube believes that it could not have made certain arguments due to binding Federal Circuit precedent, that same precedent continues to bind this Court today.[3]  Indeed, even if some cases upholding Commerce's differential pricing methodology nominally relied on *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) (*Chevron*), which Garg Tube does not demonstrate, the Supreme Court instructed

---

[3] Garg Tube cites various Federal Circuit cases on page 4 of its comments, but none of these cases involve the same issues now pending before the Federal Circuit in *Stupp* and *Mid Continent*.  Therefore, the relevance of these cases to the arguments that Garg Tube now seeks to raise are unclear.  In any event, these cases remain binding on this Court under *Loper*.

that such cases remain good law:

> {H}owever, we do not call into question prior cases that relied on the
> *Chevron* framework. The holdings of those cases that specific agency
> actions are lawful—including the Clean Air Act holding of *Chevron*
> itself—are still subject to statutory *stare decisis* despite our change in
> interpretive methodology. Mere reliance on *Chevron* cannot constitute a
> "special justification" for overruling such a holding, because to say a
> precedent relied on *Chevron* is, at best, just an argument that the precedent
> was wrongly decided. That is not enough to justify overruling a statutory
> precedent.

*Loper*, 144 S. Ct. at 2273 (citing *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 456 (2008);

*Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 266 (2014); *Dickerson v. United*

*States*, 530 U.S. 428, 443 (2000)). Thus, precedent sustaining Commerce's interpretation of the

antidumping and countervailing duty statutes remains in effect under the principle of *stare*

*decisis* even if a court had reached its decision under step two of the *Chevron* analysis.

Garg Tube acknowledges this aspect of the Court's holding in *Loper* but unpersuasively

claims that this principle "does not apply here" because "Commerce's application of *Cohen's d*

currently is pending before the CAFC in *Stupp Corp. v. United States*, No. 23-1663 (Fed. Cir.

docketed Mar. 27, 2023)." Garg Tube Cmts. at 4. First, Garg Tube fails to demonstrate that the

remaining issues in *Stupp* fall under step two of the *Chevron* analysis such that they might

possibly be implicated by *Loper* (which we submit they do not). *Id.* Second, contrary to Garg

Tube's assertions, a case involving a legal precedent that is pending appeal does not eliminate

*stare decisis* for any precedent that could be potentially impacted by the appellate court's future

ruling. *See Wedbush, Noble, Cooke, Inc. v. S.E.C.*, 714 F.2d 923, 924 (9th Cir. 1983) ("It is

fundamental that the mere pendency of an appeal does not, in itself, disturb the finality of a

judgment.") (citing *Hovey v. McDonald*, 109 U.S. 150, 161 (1883)). Moreover, the Federal

Circuit "is bound by the precedential decisions of prior panels unless and until overruled by an

intervening Supreme Court or en banc decision." *Deckers Corp. v. United States*, 752 F.3d 949, 964 (Fed. Cir. 2014). The Federal Circuit's prior rulings remain precedential until overturned. *Id*. Garg Tube fails to demonstrate how the pendency of appeal in an entirely different case renders *stare decisis* inapplicable here.

Thus, Garg Tube's challenge to Commerce's differential pricing methodology is barred by this Court's prior ruling that Garg Tube failure to exhaust its administrative remedies. *Second Remand Order* at 14-21; *Beijing Tianhai Industry*, 234 F. Supp. 3d at 1330.

## CONCLUSION

For these reasons, we respectfully request that the Court sustain Commerce's *Second Remand Redetermination* and enter final judgment in favor of the United States.

Respectfully Submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

FRANKLIN E. WHITE, JR.
Assistant Director

OF COUNSEL:                          ROBERT R. KIEPURA
JOSEPH GROSSMAN-TRAWICK              Trial Attorney
Attorney                             U.S. Department of Justice
Office of the Chief Counsel          Civil Division
 for Trade Enforcement & Compliance  Commercial Litigation Branch
U.S. Department of Commerce          PO Box 480, Ben Franklin Station
                                     Washington, DC 20044
                                     Tel: (202) 305-4436
                                     Fax: (202) 353-0461
                                     Email: Robert.Kiepura@usdoj.gov

September 20, 2024                   Attorneys for Defendant

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this brief complies with the word limitation of Court of International Trade Standard Chambers Procedures § 2(B)(1) and contains approximately 4,584, excluding the parts of the brief exempted from the word limitation.  In preparing this certificate of compliance, I have relied upon the word count function of the word processing system (Microsoft Word) used to prepare the brief.


<u>/s/ Robert R. Kiepura</u>

16