# UNITED STATES COURT OF INTERNATIONAL TRADE

# BEFORE: THE HONORABLE CLAIRE R. KELLY

|  |  |
|---|---|
| GARG TUBE EXPORT LLP and GARG TUBE LIMITED, | : |
| Plaintiffs, | : |
| v. | : Court No. 21-00169 |
| UNITED STATES, | : |
| Defendant, | : |
| and | : |
| NUCOR TUBULAR PRODUCTS INC. and WHEATLAND TUBE, | : |
| Defendant-Intervenors. | : |

## PLAINTIFFS' REPLY COMMENTS ON COMMERCE'S SECOND REMAND REDETERMINATION

Ned H. Marshak
Dharmendra N. Choudhary*
Jordan C. Kahn*

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP

599 Lexington Ave., 36th Floor
New York, New York 10022
(212) 557-4000
**
*1201 New York Ave., NW, Suite 650
Washington, DC 20005
(202) 783-6881

*Counsel for Plaintiffs Garg Tube
Export LLP and Garg Tube Limited*

Dated: September 20, 2024

# TABLE OF CONTENTS

I. STANDARD OF REVIEW..................................................................................... 1
II. COMMERCE PROPERLY RECALCLULATED GARG'S ADD RATE WITHOUT AFA
    ................................................................................................................................ 1
CONCLUSION................................................................................................................ 3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Consol. Edison Co. v. NLRB*,
   305 U.S. 197 (1938)..................................................................................................1

*Garg Tube Export LLP v. United States*,
   527 F.Supp.3d 1362 (CIT 2021)..................................................................................2

*Garg Tube Export LLP v. United States*,
   569 F.Supp.3d 1202 (CIT 2022)..................................................................................2

*Garg Tube Export LLP v. United States*,
   638 F.Supp.3d 1230 (CIT 2024)...............................................................................1, 2

*Mueller Commercial de Mexico, S. de R.L. de C.V. v. United States*,
   753 F.3d 1227 (Fed. Cir. 2014) ...................................................................................2

*Nakornthai Strip Mill Pub. Co. v. United States*, 32 CIT 1272 (2008) ...........................1

**Statutes**

19 U.S.C. § 1516a..................................................................................................................1

Plaintiffs Garg Tube Export LLP and Garg Tube Limited (collectively, "Garg") submit this reply to the Comments filed by Defendant-Intervenor Nucor Tubular Products Inc. ("Nucor") on the U.S. Department of Commerce's ("Commerce") Final Results of Redetermination Pursuant to Remand (July 8, 2024), ECF76-77, CRR10/PRR5 ("Second Remand"), filed on August 7, 2024, ECF80 ("Nucor Comments"), in response to *Garg v. United States*, 638 F.Supp.3d 1230 (CIT 2024), in the 2018-19 administrative review ("AR18-19") of the antidumping duty ("ADD") order on welded carbon steel pipes and tubes from India. As set forth below, because Nucor's arguments are meritless and have already been rejected, this Court should affirm Commerce's Second Remand insofar as it properly recalculated Garg's ADD rate without application of adverse facts available ("AFA").

I.  **STANDARD OF REVIEW**

"The court reviews remand determinations for compliance with the court's remand order." *Nakornthai Strip Mill Pub. Co. v. United States*, 32 CIT 1272, 1274 (2008). This Court must hold unlawful remand redeterminations that are "unsupported by substantial evidence on the record, or otherwise not in accordance with law." 19 U.S.C. § 1516a(b)(1)(B)(i). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 217 (1938).

II.  **COMMERCE PROPERLY RECALCLULATED GARG'S ADD RATE WITHOUT AFA**

Nucor argues that Commerce should have continued to apply partial AFA when recalculating Garg's ADD rate. Nucor Comments at 1-3. Nucor is wrong. Commerce properly recalculated Garg's 2018-19 ADD rate by not applying partial AFA for its uncooperative supplier, Second Remand at 5-19, per this Court's remand order invalidating such AFA application as unreasonable given record evidence and controlling judicial precedent. *Garg*, 638

F. Supp. 3d at 1326-29. This result further complies with this Court's rulings in the preceding 2017-18 administrative review ("AR17-18"), where Commerce, on remand, likewise eliminated its unlawful partial AFA application for the same supplier—an outcome that is final, since it was not appealed to the U.S. Court of Appeals for the Federal Circuit ("CAFC"). *Garg v. United States*, 527 F.Supp.3d 1362, 1373-74 (CIT 2021); *Garg v. United States*, 569 F.Supp.3d 1202, 1221 (CIT 2022).

Nucor claims that AR18-19 should be distinguished from AR17-18. Nucor at 1-2. However, this Court declined to credit this post-hoc position because Commerce itself did not "claim{} that Garg should have been aware that they needed to compel its unaffiliated supplier to submit the information as a condition of conducting business." *Garg*, 698 F.Supp.3d at 1328. Once more Commerce did not rely on Nucor's justification. *See* Second Remand at 1-19. Moreover, Garg demonstrated that this purported basis to distinguish the reviews is entirely devoid of merit, as the chronology of events disproves this post-hoc allegation. Plaintiffs' Reply to Respones of Defendant and Defendant-Intervenor to Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Judgment on the Agency Record (Jan. 19, 2024), ECF61-62, at 3-7.

In short, there is no lawful basis for Commerce to apply partial AFA in AR18-19; doing so violates longstanding judicial precedent including the seminal CAFC decision, *Mueller Commercial de Mexico, S. de R.L. de C.V. v. United States*, 753 F.3d 1227, 1332-36 (Fed. Cir. 2014). Second Remand at 5-19; Memorandum of Law in Support of Plaintiffs' Motion for Judgment on the Agency Record and Comments on Commerce's Remand Redeterminatoon (July 31, 2023), ECF53-54, at 4-28. The Second Remand complies with this Court's remand order, is supported by substantial evidence, and is otherwise in accordance with law. Accordingly, this

Court should affirm Commerce's recalculation of Garg's ADD rate.

## CONCLUSION

For the foregoing reasons, Garg respectfully requests that this Court affirm Commerce's recalculation of Garg's ADD rate without applying partial AFA.

Respectfully submitted,

*/s/ Ned H. Marshak*
Ned H. Marshak
Dharmendra N. Choudhary*
Jordan C. Kahn*

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP
599 Lexington Ave., 36th Floor
New York, New York 10022
(212) 557-4000
**
*1201 New York Ave., NW, Suite 650
Washington, DC 20005
(202) 783-6881

*Counsel for Plaintiffs Garg Tube
Export LLP and Garg Tube Limited*

Dated: September 20, 2024

# CERTIFICATE OF COMPLIANCE

Pursuant to Chamber Procedure 2(B)(1), the undersigned certifies that this brief complies with the word limitation requirement. The word count for Plaintiffs' Memorandum of Law In Support of Rule 56.2 Motion, as computed by Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt's word processing system Microsoft Word, is 612 words—less than the 6,643 word limit.

/s/ *Ned H. Marshak*

*Counsel for Plaintiffs Garg Tube Export LLP and Garg Tube Limited*

Dated: September 20, 2024